# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONNIE R. MARTIN,

        Plaintiff,

   v.

OFFICER JOHNNIE MIELCAREK,
OFFICER ANTHONY GARCIA,
CAPTAIN TIMOTHY BLUNT, CITY
OF ST. FRANCIS, and ABC
INSURANCE COMPANY,

        Defendants.

Case No. 24-CV-1665-JPS

**ORDER**

This case has been pending since late December 2024. ECF No. 1. Plaintiff Ronnie R. Martin ("Plaintiff") last affirmatively communicated with the Court in early October 2025 to update his mailing address. ECF No. 16. Named Defendants Officer Johnnie Mielcarek, Officer Anthony Garcia, Captain Timothy Blunt, and the City of St. Francis ("Defendants") subsequently tried to contact Plaintiffs at three different email addresses and received no response; they also tried to contact him at his updated mailing address, and that mail was returned. ECF No. 29.

The Court entered a scheduling order and mailed it to Plaintiff at his address of record. ECF No. 30. This order was not returned as undeliverable. However, a similar order in Plaintiff's other case, mailed the same day to the same address, was returned as undeliverable. *See Ronnie R. Martin v. Officer Xiong et al.,* Case No. 24-CV-1664-JPS, ECF Nos. 34, 35, 35-1 (E.D. Wis. Jan. 15, 2026 and Feb. 16, 2026). Additionally, in that case,

certain defendants moved to dismiss the case for failure to prosecute due to Plaintiff's failure to respond to discovery requests, and the Court granted the motion. *Id.*, ECF Nos. 37–40.

The Court takes judicial notice of these happenings in Plaintiff's other case. *See Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts." (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997))). Considering Plaintiff's inaction in his other case together with his non-responsiveness to Defendants' earlier attempts at communication, the Court must conclude that Plaintiff is no longer actively pursuing this case either. Pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c), the Court will dismiss this case without prejudice for failure to prosecute. *See* ECF No. 11 at 18 (warning Plaintiff that failure to provide an updated mailing address could result in dismissal of the case without prejudice); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006) (affirming dismissal for failure to prosecute even when plaintiff did not receive explicit notice of impending dismissal); *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017) (permitting dismissal as a sanction against a plaintiff who has not cooperated in discovery (citing FED. R. CIV. P. 37(b) and 41(b))); *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020) (noting a pro se litigant's duty to "monitor[] the status of his case" (citing *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 700 (7th Cir. 2014))).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.